UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KARRIE S. WICHTMAN,

    Petitioner,

v.                                                       Case No. 2:19-mc-1
                                                       HON. TIMOTHY P. GREELEY

MATT MARTORELLO,

    Respondent.
_____/

## OPINION AND ORDER

Karrie Wichtman requests that this Court quash a subpoena. Wichtman was subpoenaed by Respondent Matt Martorello to appear for a deposition on January 18, 2019, in Minocqua, Wisconsin. Wichtman was previously subpoenaed to produce non-privileged documents as listed in the subpoena. The subpoenas were issued for litigation in the Eastern District of Virginia in *Williams v. Big Picture Loans, LLC*, 17-cv-461. (ECF No. 1-3, PageID.48). Wichtman is the general counsel for the Lac Viex Desert Band of Lake Superior Chippewa Indians (Tribe) in Watersmeet, Michigan. Wichtman was formerly a partner in the Rosette, LLP law firm, and was contracted as general counsel to Big Picture Loans, LLC (Big Picture) and Ascension Technologies, LLC (Ascension), which are entities owned by the Tribe.

*Williams v. Big Picture Loans, LLC.,* was filed in the Eastern District of Virginia against the Tribe's Chairman, Vice Chairman, Treasurer, Secretary, and others. Defendants filed a motion to dismiss based upon tribal sovereign immunity. Apparently, at least one defendant was dismissed, but the Tribal defendants' motion was denied for lack of jurisdiction. The Court found that neither Big Picture nor Ascension were entitled to tribal sovereign immunity. The matter is

currently on appeal in the Fourth Circuit Court of Appeals. In addition, the defendants have filed motions to stay in the Virginia district court and, on December 5, 2018, after waiting more than 130 days for a ruling, asked for an expedited decision on the motions.

Wichtman argues that this Court should quash the subpoena because (1) the underlying case should be dismissed due to tribal sovereign immunity, (2) the underlying case should be stayed, and (3) the subpoena is unduly burdensome. The district court in Virginia has already determined that tribal sovereign immunity is not applicable to defendants. This Court will not interfere with that decision or revisit that issue. Wichtman argues that she is protected by tribal immunity from suit. First, the Virginia Court has held that defendants are not entitled to sovereign immunity.[1] It therefore follows that tribal immunity cannot extend to Wichtman.[2] Second, Wichtman is not a party to the underlying lawsuit, but is being subpoenaed as a witness. Additionally, the underlying case has not been stayed by the district court and the motions currently pending before the Virginia district court will not be decided by this Court. Although the movant argues that the appeal automatically stays the Virginia district court case, the parties apparently do not agree with that argument because several pending motions to stay have been filed.

This Court has the authority to quash the Subpoena under Fed. R. Civ. P. 45. Subpoenas issued to a third party under Rule 45 are subject to the same discovery limitations as provided in Rule 26. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) (citation omitted). Rule 26 authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R.

---

[1] The Petitioner has not attached the underlying district court opinion or made any effort to explain the court's finding regarding the applicability of tribal immunity.
[2] Wichtman admits this at page 8 of her brief, where she explains that immunity cannot extend to her when the Tribe is not afforded immunity. Therefore, Wichtman cannot successfully argue in this court that the subpoenas should be quashed due to tribal immunity because the Virginia district court has ruled that the underlying defendants were not immune from suit.

Civ. P. 26(b)(1). "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Once a subpoena issues, the individual seeking to quash the subpoena bears the burden of proof. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

"Rule 45(c) is intended to protect nonparties to litigation from, in effect, suffering inconvenience or expense of having to participate in someone else's quarrel." *Hackman v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (E.D. Mich. Feb. 6, 2009). A court may quash or modify a subpoena if, on a timely motion, the movant shows that the subpoena (1) fails to allow a reasonable time to comply, (2) requires the person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (4) subjects the person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). When considering whether a burden is undue, courts weigh the likely relevance of the material sought against the burden in the individual subpoenaed. *See EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994); *see also North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51 (D.C.C. 2005) ("Undue burden is determined by reference to factors such as 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."). That the individual subject to the subpoena is not a party to the litigation is a "significant factor in the undue-burden analysis." *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) (citing *North Carolina Right to Life*, 231 F.R.D. at 51); see, e.g., *American Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 137 (S.D. Ohio 1999).

Wichtman argues that although the subpoena seeks only non-privileged documents, reviewing each document for privileged communications is too burdensome. Actions of an

attorney asserting attorney client privilege should not be considered burdensome. It is the responsibility of an attorney to make arguments regarding privilege. The movant has failed to show that the subpoenas requesting only non-privileged documents and her deposition are unduly burdensome. The motion to quash the subpoena is DENIED.

This court makes no ruling regarding whether Wichtman may assert tribal sovereign immunity or attorney client privilege as to any Tribal matter concerning the Lac Viex Desert Band of Lake Superior Chippewa Indians or attorney client privilege regarding testimony or documents concerning defendants Big Picture Loans, LLC or Ascension Technologies, LCC.

IT IS SO ORDERED.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2019