0UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARRIE S. WICHTMAN,

        Movant,

v.

MATT MARTORELLO, *et al.*,

        Respondents.

                              /

Case No. 2:19-mc-1

Hon. Ray Kent

**ORDER GRANTING RESPONDENT MARTORELLO'S RENEWED MOTION TO TRANSFER SUBPOENA-RELATED MOTION TO ISSUING COURT PURSUANT TO FED. R. CIV. P. 45(f)**

This case was filed as a civil miscellaneous case involving a motion to quash a subpoena issued to Attorney Karrie S. Wichtman pursuant to Fed. R. Civ. P. 45(d)(3)(iv). *See* Motion (ECF No. 1). The subpoena arose in a lawsuit filed in the United States District Court for the Eastern District of Virginia (Eastern District of Virginia), *Lulu Williams, et al. v. Big Picture Loans, LLC*, *et al*, 3:17-cv-461. At the time, two tribal entities, Big Picture Loans, LLC ("Big Picture"), Ascension Technologies, LLC ("Ascension"), and respondent Matt Martorello ("Martorello") were defendants in the underlying case. As discussed below, Big Picture and Ascension have been dismissed from the underlying case for lack of subject matter jurisdiction. However, respondent Martorello remains a defendant in that case. In addressing the motion to quash, this Court explained Attorney Wichtman's relationship with former defendants Big Picture and Ascension:

> Wichtman is the general counsel for the Lac Vie[u]x Desert Band of Lake Superior Chippewa Indians (Tribe) in Watersmeet, Michigan. Wichtman was formerly a

1

>partner in the Rosette, LLP law firm, and was contracted as general counsel to Big Picture Loans, LLC (Big Picture) and Ascension Technologies, LLC (Ascension), which are entities owned by the Tribe.

Opinion and Order (ECF No. 3, PageID.84).

In her original motion to quash, Attorney Wichtman argued "that this Court should quash the subpoena because (1) the underlying case should be dismissed due to tribal sovereign immunity, (2) the underlying case should be stayed, and (3) the subpoena is unduly burdensome." *Id*. at PageID.85. This Court denied the motion. *Id.* at PageID.84-87. In reaching this decision, this Court stated that it would not revisit the Virginia Court's decision "that defendants are not entitled to sovereign immunity" and that "[i]t therefore follows that tribal immunity cannot extend to Wichtman." *Id*. at PageID.85. With request to the stay, this Court noted that "[t]he matter is currently on appeal in the Fourth Circuit Court of Appeals," that "the underlying case has not been stayed by the district court and the motions currently pending before the Virginia district court will not be decided by this Court." *Id*. This Court also found that "[t]he movant has failed to show that the subpoenas requesting only non-privileged documents and her deposition are unduly burdensome." *Id*. at PageID.87. Finally, the Court stated that it "makes no ruling regarding whether Wichtman may assert tribal sovereign immunity or attorney client privilege as to any Tribal matter concerning the Lac Vie[u]x Desert Band of Lake Superior Chippewa Indians or attorney client privilege regarding testimony or documents concerning defendants Big Picture Loans, LLC or Ascension Technologies, LCC." *Id*.

Attorney Wichtman filed a motion for reconsideration. *See* Motion (ECF No. 5). Respondent Matt Martorello filed a response in opposition to reconsideration, and moved to transfer the subpoena dispute to the Eastern District of Virginia for resolution, noting that this is

2

the court where the underlying action is pending and which issued the subpoena. *See* Motion to transfer (ECF No. 21). The parties appeared to resolve their dispute by filing a "Stipulated motion for entry of consent and protective order" (ECF No. 29). Shortly thereafter, this case was reassigned to the undersigned, who reviewed the matter and entered a "Consent and Protective Order" on June 3, 2019. The purpose of this order was to resolve the parties' disputes regarding Attorney Wichtman's deposition, and provided that "[a]ny disputes related to this deposition or this Consent Protective Order will be heard by this Court." *See* Consent and Protective Order (ECF No. 33).

After the Court entered this order, the Fourth Circuit disagreed with the Eastern District of Virginia's order rejecting Big Picture and Ascension's "invocation of arm-of-the-tribe immunity," and held that "both Entities are entitled to immunity as arms of the Tribe." *See Williams v. Big Picture Loans*, LLC, 929 F.3d 170, 175-176, 185 (4th Cir. 2019). The Fourth Circuit reversed the district court's order and remanded "with instructions to grant the Entities' motion to dismiss for lack of subject matter jurisdiction." *Id*. at 185.

After this decision, the dispute came full circle. Attorney Wichtman was scheduled for depositions in August 2019 and filed a motion to quash the subpoenas. *See* "Motion to quash or modify subpoenas directed to Karrie Wightman" (ECF No. 34). In her motion, Attorney Wichtman points out that the consent and protective order did not include limitations based on tribal immunity. Wichtman contests plaintiff's counsel's position that she waives sovereign immunity when she voluntarily appears for a deposition. Wichtman states that this is not the law:

> Because: (1) the Protective Order's provisions are based on the Eastern District's erroneous Sovereign Immunity Opinion, to which this Court deferred in denying Ms. Wichtman's Motion to Quash; (2) the Fourth Circuit's decision reverses and completely vitiates the Eastern District's Sovereign Immunity

3

> Opinion; (3) as a result of the Fourth Circuit's decision, the Protective Order permits inquiry into matters on which Ms. Wichtman, as the Tribal Defendants' General Counsel, is now both entitled, under the Fourth Circuit's decision, and ethically obligated to assert their sovereign immunity; and (4) Plaintiff's [sic] counsel unequivocally contends that (a) the Tribal Defendants' sovereign immunity imposes no limitations on his questioning, and that, (b) in any case, he is entitled to treat Ms. Wichtman's appearance in obedience to this Court's ruling and the Martorello and Williams subpoenas as a "voluntary" waiver of the Tribal Defendants' sovereign immunity. Because of the Fourth Circuit decision and the position taken by Plaintiff's counsel, Ms. Wichtman is both entitled and ethically obligated to move this Court to quash the Martorello and Williams subpoenas.
>
> Alternatively, and at a minimum, this Court now must defer to the Fourth Circuit, rather than to the Eastern District, and modify its approved Protective Order to extend the limitations that flow from the Tribal Defendants' sovereign immunity and attorney-client privilege to all counsel seeking to depose Ms. Wichtman as their General Counsel.

PageID.641-642.

Mr. Martorello filed a response in opposition to the motion to quash as well as another motion to transfer the case. *See* "Matt Martorelli's Renewed Motion to transfer subpoena-related motion to issuing court pursuant to Fed. R. Civ. P. 45(f)" (ECF No. 39). This was followed by Attorney Wichtman's "Reply to oppositions to motions to quash or modify subpoenas" (ECF No. 42) which was inexplicably e-filed as a motion. Attorney Wichtman did not file a response to Mr. Martorello's renewed motion to transfer. Accordingly, that motion is unopposed.[1]

Respondent Martorello seeks to transfer the subpoena pursuant to Fed. R. Civ. P. 45(f) which provides:

> **Transferring a Subpoena-Related Motion**. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court.

---

[1] A party opposing a dispositive or non-dispositive motion must file a responsive brief and supporting materials. *See* W.D. Mich. LCivR 7.2(c) and 7.3(c).

4

> To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f).

In his motion, respondent Martorello points out that:

> First, transfer would prevent conflicting rulings on issues such as sovereign immunity and privilege, which are currently before the Eastern District of Virginia in the context of several other substantive and subpoena-related motions. Second, the Eastern District of Virginia already is familiar with this complex and fact-intensive case, and has actively managed discovery throughout its pendency.  Third, multiple subpoena-related motions in connection with the underlying action, most of which raise the same or similar privilege and immunity issues, already have been transferred to the Eastern District of Virginia.

Respondent's Brief (ECF No. 40, PageID.847).  Respondent points out that "[a]t least ten other courts have transferred similar motions to the Eastern District of Virginia, including motions related to Wichtman's former law firm, Rosette, LLP, which the Court has already heard argument on at least once." PageID.845.  In this regard, Martorello points out that,

> Judge Payne held a hearing on the motions involving Rosette, LLP, on January 24, 2019.  *See* ECF No. 22-12, 1/24/2019 Hr'g Tr. Following the hearing, Judge Payne ordered the parties to modify the discovery requests and set a briefing schedule to address any issues that remained thereafter. *See* ECF No. 22-13, Order, ECF No. 329. As acknowledged by Wichtman, Rosette has since produced over 60,000 pages of documents in response to Plaintiffs' subpoenas.  *See* ECF No. 34, n.7. An electronic search of the 11,825 items produced by Rosette for the term "Wichtman" returned 8,025 hits. Hundreds of these documents have been submitted as exhibits to various filings in the underlying Virginia actions.

PageID.844-845.

Respondent also points out that Judge Payne is willing to handle motions related to subpoenas stating that:

> And you can—in any court that you present your request to [transfer], you can represent that I am prepared to resolve all of these questions so that they will be resolved consistently if the Court is of a mind to lighten its docket and send it here.

5

PageID.843.

Finally, a significant development occurred on February 18, 2020, when Judge Payne dismissed defendants Big Picture and Ascension for lack of subject matter jurisdiction. *See Lulu Williams*, 3:17-cv-461 (Order) (Feb. 18, 2020) (Document 668). This ruling is relevant as to the scope of Attorney Wichtman's testimony.

Respondent Martorello has set forth exceptional circumstances for transferring the motion to quash the subpoena to the Eastern District of Virginia: Attorney Wichtman's involvement is documented in hundreds of papers filed in the underlying case; Judge Payne is well-acquainted with her former law firm's involvement; Attorney Wichtman's clients have sovereign immunity and are no longer defendants in the case; and Judge Payne has expressed a willingness to address the types of issues raised in Attorney Wichtman's motion to quash so that such motions will be resolved consistently. Accordingly, respondent Martorello's motion to transfer the subpoena-related motion to quash to the Eastern District of Virginia (ECF No. 39) is **GRANTED**. In granting this motion, the Court does not take any action with respect to the Consent and Protective Order currently in place (ECF No. 33). Any decision to modify or limit that order is reserved for the transferee court.

Pursuant to Fed. R. Civ. P. 45(f), non-party Attorney Wichtman's motion to quash or modify the subpoenas (ECF No. 34) and Wichtman's reply/motion (ECF No. 42) are **TRANSFERRED** to the Eastern District of Virginia where the underlying litigation, *Lulu Williams, et al. v. Big Picture Loans, LLC*, *et al*, 3:17-cv-461, is pending.

**IT IS SO ORDERED**.

Dated:  May 7, 2020                                              /s/ Ray Kent
                                                                                United States Magistrate Judge